IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:22-cv-00212-MR
CRIMINAL CASE NO. 1:04-cr-00040-MR-WCM-1

| | |
|---|---|
| STEPHEN ARTHUR LACY, ) | |
| ) | |
| Petitioner, ) | |
| ) | **MEMORANDUM OF** |
| vs. ) | **DECISION AND ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Petitioner's "Motion Pursuant to 28 U.S.C. § 2255(f)(4) and U.S.S.G. § 4B1.1(a) - § 4B1.2(a)." [CV Doc. 1].[1]

**I.  BACKGROUND**

In December 2005, Petitioner was convicted of one count of Hobbs robbery and one of possession of a firearm during and in relation to a crime of violence.  He was sentenced to a total of 288 months' imprisonment.  [CR

---

[1] Citations to the record herein contain the relevant document number referenced preceded by either the letters "CV," denoting that the document is listed on the docket in the civil case file number 1:22-cv-00212-MR or the letters "CR," denoting that the document is listed on the docket in the criminal case file number 1:04-cr-00040-MR-WCM-1.

Doc. 32]. The Fourth Circuit Court of Appeals affirmed the Petitioner's conviction and sentence. [CR Docs. 45, 46].

On June 23, 2016, the Petitioner filed a Motion to Vacate pursuant to 28 U.S.C. § 2255, arguing that his conviction under 18 U.S.C. § 924(c) was invalid under Johnson v. United States, 135 S.Ct. 2551 (2015). [CR Doc. 52]. On December 12, 2019, the Court denied the Petitioner's motion to vacate and declined to issue a certificate of appealability. [CR Doc. 56].

In June 2020, Petitioner filed another Motion to Vacate pursuant to 28 U.S.C. § 2255. [CR Doc. 59]. The Petitioner attached to his Motion a copy of his Application for Leave to File Second or Successive Petition or Motion under 28 U.S.C. § 2255 that was filed in the Fourth Circuit Court of Appeals. [CR Doc. 59-2]. On July 7, 2020, the Fourth Circuit denied the Petitioner's Application. [CR Doc. 60].

On September 23, 2022, Petitioner filed the pending Motion to Vacate, which he purports to bring pursuant to 28 U.S.C. § 2255(f)(4), U.S.S.G. §§ 4B1.1(a) and 4B1.2(a), and United States v. Green, 996 F.3d 176 (4th Cir. 2021). [CV Doc. 1].

## II. DISCUSSION

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), as codified in 28 U.S.C. § 2255, provides a specific limitation on a prisoner's

2

ability to bring a second or successive motion under § 2255. Specifically, the AEDPA provides, in pertinent part, as follows:

> A second or successive motion [under Section 2255] must be certified as provided in Section 2244 by a panel of the appropriate court of appeals to contain—
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

Petitioner has had a previous Motion to Vacate adjudicated on the merits and he has not sought and obtained certification from the Fourth Circuit Court of Appeals prior to filing this motion. This Court, therefore, is without jurisdiction to consider the merits of Petitioner's claim here.[2]

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as the Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to

---

[2] The Court also notes that Green, which held that Hobbs Act robbery is not a crime of violence for purposes of the career offender guideline, was decided on April 29, 2021. See United States v. Green, 996 F.3d 176 (4th Cir. 2021). Petitioner did not file the instant motion to vacate until September 23, 2022, well over one year later.

3

satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

## O R D E R

**IT IS, THEREFORE, ORDERED** that:

(1) The Petitioner's Motion to Vacate Pursuant to 28 U.S.C. § 2255 [CV Doc. 1] is **DISMISSED** as an unauthorized, successive § 2255 motion;

(2) Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED**.

Signed: October 27, 2022

Martin Reidinger
Chief United States District Judge